UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20887-MOORE/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SANTIAGO ALIRIO GOMEZ RIVERA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTIONS TO DISMISS

Six Defendants stand charged in a Second Superseding Indictment with one count of conspiracy to distribute more than five kilograms of cocaine, knowing and intending that the cocaine would be imported into the United States, in violation of Title 21, U.S.C. § 963 and 960(b)(1)(B). (ECF No. 11). Four of those Defendants[1] have filed motions to dismiss that Indictment which argue that it was filed in violation of the five-year statute of limitations. Specifically, Defendant Rafael Segundo Castro Diaz ("Castro") filed a Motion to Dismiss (ECF No. 41), which Defendants Carlos Enrique Cuadros Sayas ("Cuadros") and Juan Diego Restrepo Cadavid ("Restrepo") have joined. (*See* ECF Nos. 42, 45, 71).

---

[1] One Defendant, Yesid Avila Diaz ("Avila"), has not been arrested. Defendant Carlos Julio Tobon Bernal ("Tobon") only recently, on November 4, 2022, made his initial appearance before this Court and was arraigned (ECF No. 67), and the time has not expired for him to file pretrial motions. S.D. Fla. L. R. 88.9 (c).

Also, Defendant Santiago Alirio Gomez Rivera ("Gomez") filed a Motion to Dismiss. (ECF No. 56). The Motions are fully briefed. (ECF Nos. 48, 49, 61, 64). The Honorable K. Michael Moore referred the Motions to me for report and recommendation. (ECF No. 70). On November 15, 2022, I heard oral argument on the Motions. For the reasons that follow, I recommend that the Court deny the Motions.

## I. Background

The Indictment that is the focus of the Motions is, in fact, the third in a series of indictments filed in this action. The first was filed on December 14, 2017. (ECF No. 3). It charged only one Defendant – Gomez – with one count of conspiring to distribute at least five kilograms of cocaine, knowing and intending that the cocaine would be imported into the United States, in violation of 21 U.S.C. §963 and 960(b)(1)(B). The only additional allegations are that Gomez participated in the conspiracy from March 1, 2013, until May 20, 2013, "in the countries of Colombia, Honduras, and elsewhere." (*Id*). The parties agree that this offense has a five-year statute of limitations, *see* 18 U.S.C. § 3282, and that this first indictment was timely filed.

It is helpful here to understand, up front, that the following two indictments also charge the same, single count conspiracy violation, and all indictments charge that the named Defendants engaged in this conspiracy "in the countries of Colombia, Honduras and elsewhere." The second and third indictments, however, change the dates of the alleged conspiracy and they add defendants.

Indictment number two – the "Superseding Indictment" – was filed on April 17, 2018, and it added four Defendants: Cuadros, Tobon, Avia and Castro. (ECF No. 7). The

date range of the alleged conspiracy was changed only slightly, to begin in "March, 2013" and end in "May, 2013". (*Id.*).[2]

The final indictment – the "Second Superseding Indictment" – was filed a few months later, on July 19, 2018. (ECF No. 11). It added one more Defendant, Restrepo, and it greatly expanded the period of the alleged conspiracy to begin more than five years earlier, in January 2008, and end four months later, in September 2013. (*Id.*).

## II.  Analysis

The law is settled that "on a non-overt-act conspiracy charge, the indictment satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the conspiracy continued into the limitations period." *United States v. Butler*, 792 F.2d 1528, 1532 (11th Cir. 1986). The conspiracy charged here does not require the pleading of overt acts. This means, very simply, that at the outset of a criminal prosecution for conspiracy, the indictment is timely if it was filed within five years of the final date of the alleged conspiracy.

How to measure that five-year period is also clear. Specifically, the day following the final day of the alleged conspiracy "is the beginning date for calculation, and the date of the filing of the indictment or information is included." *Id.* at 1533. It is equally clear that the statute of limitations applies to all indictments, "whether they are original

---

[2]  That is, the first indictment identified particular dates in March and May 2013, whereas the second indictment simply stated the months and year. This slight modification is unimportant here.

indictments, superseding indictments or new indictments." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990).

Applying these rules, all three indictments in this case were filed within the five-year statute of limitations. The first indictment (the "Indictment") alleged the conspiracy ended on May 20, 2013, and it was filed with the Court on December 14, 2017 – well before the May 21, 2018, end of the limitations period. (ECF No. 3).

The Superseding Indictment alleged that the conspiracy ended "in or around May, 2013". (ECF No. 7). It was filed on April 17, 2018, weeks before the statute of limitations ran on June 1, 2018.[3]

The Second Superseding Indictment alleged that the conspiracy ended "in or around September, 2013" and it was filed on July 19, 2018 (ECF No. 11), a couple months before the statute of limitations ran on October 1, 2018.

All Defendants nevertheless argue that the Second Superseding Indictment – importantly, the operative indictment – was filed outside the five-year statute of limitations. Before I address that argument, I turn to Castro's argument that the Superseding Indictment was untimely.

### a. The Superseding Indictment was timely filed

In his Motion, Castro argues that the Superseding Indictment was untimely.[4] His argument rests on a date that is not charged anywhere in this case: April 18, 2013.

---

[3] Since May has 31 days, the first day of the five-year limitations period was June 1, 2013.

[4] Castro writes that he "seeks to preserve this specific SOL issue for appellate review were the Court not to grant dismissal of the second superseding indictment…." (ECF No. 41 at 4). Castro

A government agent testified at Castro's detention hearing that the prosecution of Castro arose from the government's seizure, on April 18, 2013, of a vessel, the *Manatee*, in international waters. (ECF No. 27 at 3). The *Manatee* had 1,200 kilograms of cocaine and had departed Colombia the day before with three crew members. Those three individuals were prosecuted in *United States v. Jegge et al.*, Case No. 13-20330-CR-Cohn, in a two-count indictment, although in that prosecution the defendants there were charged with violations of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70501.[5]

The agent further testified at Castro's detention hearing that the investigation that followed that interdiction led to evidence that Castro, and others, loaded the *Manatee* with the cocaine. (ECF No. 27 at 3). In his Motion, Castro argues that the April 18, 2013, interdiction of the *Manatee* terminated the conspiracy charged in that case, and from there Castro leaps to the conclusion that the charges brought in the Superseding Indictment in this case had to have been filed within five years of that date, which Castro claims did not happen. (ECF No. 41 at 1-4).

Castro's reasoning and conclusions are incorrect. First, the fact that the conspiracy charged in the *Jegge* case concluded when the Coast Guard seized the cocaine from the

---

does not articulate how this might benefit him, but for the sake of completeness I address his argument.

[5] That is, the indictment charged that those defendants conspired to possess, and did possess, with the intent to distribute, five or more kilograms of cocaine while on board a vessel of the United States, in violation of Title 46 U.S.C. §§ 70503(a)(1) and 70506(b). (Case No. 13-20330 at ECF No. 14).

*Manatee*, does not necessarily mean that the conspiracy charged in this case concluded on that date. To the contrary, all three Indictments here allege otherwise, and it remains for the government, at trial, to present evidence to prove each Defendant's participation in that conspiracy, and the timing of the same. As noted above, an "indictment satisfies the requirements of the statute of limitations *if* the government *alleges* and proves, at trial or pretrial, that the conspiracy continued into the limitations period." *Butler*, 792 F.2d at 1532 (emphasis added). At this pretrial stage the government has alleged that the conspiracy charged in the Superseding Indictment continued through May of 2013, and of course, in the final indictment the government extends that date through September 2013, with both of those conspiracy end dates being within five years of filing both indictments.

More to the point, even if Castro's participation in the conspiracy charged in the Superseding Indictment ended on April 18, 2013, that indictment was timely filed.

Each indictment filed in this case bears a manual file stamp of the Clerk of the Court, that records the date the indictment was – as the stamp states – "filed" with the Court. And, where each indictment appears on the electronic docket, the date under the column titled "date filed" is also the date of the file stamp. So, in the case of the Superseding Indictment, it was stamped by the Clerk as having been filed on April 17, 2018. (ECF No. 7). The docket shows that the document was "filed" on that same date. But when the Superseding Indictment is printed, it bears the date of April 19, 2018. (*Id.*).[6]

---

[6] This indicates that an employee of the Court uploaded the Superseding Indictment to the docket two days after it was filed but was sure to note that the date recorded with the Clerk's manual stamp was the day the indictments were filed.

Continuing to rely on the April 18, 2013, Coast Guard interdiction of the *Manatee* as the presumed – but not charged – end of the conspiracy, Defendant claims that the Superseding Indictment was untimely because it was not electronically docketed until April 19, 2018. Defendant argues, with no authority, that the date that appears on the Superseding Indictment itself next to the docket number assigned that document, is the date of filing for statute of limitations purposes. He further argues that the Clerk of the Court's documentation, with a manual file stamp, that the Superseding Indictment was "filed" on April 17, 2018, is meaningless.[7]

The Clerk of this Court made clear, both with his stamp and the "date filed" on the electronic docket, that the Superseding Indictment was filed on April 17, 2018. (*Id.*). That date, *and* the April 19, 2018, date that appears next to the docket number of the Superseding Indictment, fall within five years of the interdiction of the *Manatee*.[8]

In sum, Castro's argument that the Superseding Indictment was filed outside of the statute of limitations has no merit.

### b. The Second Superseding Indictment was timely filed

Defendants' leading argument is that the Second Superseding Indictment was filed beyond the five-year statute of limitations. They rely on *United States v. Ratcliff*, 245 F.3d

---

[7] Defendant makes no mention of the "date filed" column that appears on the docket itself, and that the date the Clerk placed in that column corresponds to the date recorded with the file stamp.

[8] As noted, day one of the five-year limitations period was the day *after* the conspiracy concluded - which according to Castro should be the interdiction date of the *Manatee*. Under this scenario day one of the limitations calculation would be April 19, 2013, and the limitations period would end on April 19, 2018.

1246 (11th Cir. 2001), and argue that the holding of *Ratcliff* includes this proposition: where an indictment timely charges a conspiracy, and a superseding indictment later charges the same conspiracy but substantially extends the timeframe of that conspiracy, the government must file the superseding indictment no more than five years after the end date of the conspiracy charged in the first indictment – even if the second indictment is filed within five years of the end of the conspiracy charged in that indictment.[9] Defendants make this argument recognizing that the Second Superseding Indictment was filed on July 19, 2018; more than five years after the end of the conspiracy charged in the prior indictment, which was May, 2013. Defendants misread *Ratcliff*.

In *Ratcliff*, the Eleventh Circuit reviewed, post-conviction, the trial court's denial of the defendant's pretrial motion to dismiss on statute of limitations grounds. There, an indictment, and later a superseding indictment, were filed. Both charged two Title 21 non-overt act narcotics conspiracies and a related substantive count.[10] (*See U.S. v. Ratcliff*, Case No. 98-10007-Moore (S.D. Fla. 2018), ECF No. 43 at 9-13).[11] The substantive count charged that Ratcliff attempted to import marijuana to the United States on April 7, 1993, and that count was the same in both indictments. (*Id*. at 10, 13). The superseding indictment, however, (like the Second Superseding Indictment here) significantly

---

[9] Defendants do not state their argument so clearly in their Motions, but at oral argument they made clear that they believe *Ratcliff* stands for this proposition.

[10] Ratcliff was acquitted at trial on the substantive drug count and convicted on the two conspiracy counts. *Ratcliff*, 245 F.3d at 1249. As a result, the Court's statute of limitations analysis was confined to the conspiracy charges.

[11] To check my reading of *Ratcliff*, I reviewed this Court's docket of that case.

increased the temporal scope of the alleged narcotics conspiracies. In particular, the indictment alleged that the conspiracies began "in or about late 1992", while the superseding indictment alleged that the conspiracies began "in 1980". Both indictments charged the same end date of the alleged conspiracies, "April, 1993." (*Id*. at 9-12). I note that, for reasons unknown, the *Ratcliff* decision described the conspiracies charged in the superseding indictment as "continuing through 1993" instead of April, 1993 as stated in the superseding indictment. *Ratcliff,* 245 F.3d at 1248. As explained below, this discrepancy is unimportant.

On its face, the first *Ratcliff* indictment was timely. That indictment was returned on April 8, 1998, a few weeks before the five-year statute of limitations expired. *Id*. This was undisputed between the parties. *Id*. at 1252. The superseding indictment, however, was, on its face, filed too late: it alleged that the conspiracies ended in April 1993, but the grand jury did not return the superseding indictment until August 19, 1998, more than five years later. (*See Ratcliff*, Case No. 98-10007-Moore, ECF No. 43 at 12).

Perhaps because the Court of Appeals had the benefit of the trial record, the Court did not focus on the time period alleged in the superseding indictment, but rather, on the evidence adduced at trial, when it noted that "[t]he parties [] agree that Ratcliff's *proven* criminal activities ended, at the latest, by April of 1993." *Ratcliff,* 245 F.3d at 1252 (emphasis added). In making this point, the Court implicitly recognized that the statute of limitations began to run as of that date and the five-year period concluded months before the August 19, 1998, filing of the superseding indictment.

Whether because (1) the superseding indictment itself *alleged* the conspiracies ended in April 1993 or, (2) evidence on the record before the Court of Appeals, as that Court wrote, *proved* that Ratcliff's "criminal activity ended, at the latest, by April of 1993", *Ratcliff*, 245 F.3d at 1252, the superseding indictment, having been filed more than five years after April of 1993, was brought after the statute of limitations expired. It is this conclusion, that the superseding indictment was not filed within the limitations period, that triggered the tolling analysis that followed in *Ratcliff*.

Specifically, the Court analyzed, in a manner set out in an earlier decision of the Circuit in *United States v. Italiano*, whether the first timely-filed indictment tolled the statute of limitations for the late-filed superseding indictment. Specifically, the *Ratcliff* Court wrote:

> We recognized in *United States v. Italiano*, that "[i]n certain circumstances, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding or new indictment *after the limitations period has expired*. [citing *Italiano*]. We held that: *A superseding indictment brought after the statute of limitations has expired* is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charge. [citing *Italiano*].

*Ratcliff*, 245 F.3d at 1253 (emphasis added). The *Ratcliff* Court thus compared the conspiracies charged in the two indictments, and evidence of the conduct charged in both sets of conspiracies, to determine if the late-filed superseding indictment broadened or substantially amended the timely-filed original indictment. The *Ratcliff* Court ultimately determined that it did, rendering the superseding indictment untimely and requiring its dismissal. *Id*. at 1252-56.

10

Stepping back, we see that the Eleventh Circuit, in *Ratcliff*, followed a two-step analysis set out in *Italiano*: *if*, step one, a superseding indictment is filed after the statute of limitations has expired, *then*, step two, consider whether the first indictment tolled the statute of limitations such that the superseding indictment could be filed more than five years[12] after the end of the crime charged in the later indictment.

Here, the Defendants would have this Court either skip step one or, with zero legal authority for doing so, use the conspiracy period alleged in the Superseding Indictment to determine whether the Second Superseding Indictment was timely filed. The *Ratcliff* decision nowhere suggests such an approach, and indeed, the defendant in *Ratcliff* argued the opposite of what Defendants here propose. *See Ratcliff*, 245 F.3d at 1249 (Ratcliff "requested that the jury be told that it must find that a criminal act was committed within five years before the date of the *superseding indictment, instead of within five years before the initial indictment*.") (emphasis added).

Other district courts that apply *Ratcliff* and *Italiano* likewise utilize the two-step approach explained above: first, they determine whether the superseding indictment was filed within the statute of limitations based upon the conspiracy period alleged *in the superseding indictment* and, *only if* the answer is no, they then determine whether the superseding indictment broadens or substantially amends the original conspiracy charge. *See e.g., U.S. v. Farias*, No. 13-20460-CR, 2014 WL 4930641, at *2-3 (S.D. Fla. Oct. 1,

---

[12] I reference a five-year statute of limitations here, as that was the limitations period in *Ratcliff* and in this case. The *Ratcliff* and *Italiano* analysis, of course, is not limited to that limitations period.

2014) (last overt act alleged to have occurred on April 2, 2009; court explained that "the Superseding Indictment was filed on July 17, 2014, *outside* of the limitations period. The initial indictment was filed on July 21, 2013, which was within the applicable statute of limitations. **Thus,** the issue is whether the Superseding Indictment relates back to the initial Indictment for statute of limitations purposes.") (citing *Italiano*, 894 F.2d at 1282) (bold emphasis added), *aff'd*, 836 .3d 1315 (11th Cir. 2016); *U.S. v. Attallah*, No. 99-903-CR, 2000 WL 36733970, at *1 (S.D. Fla. Nov. 17, 2000) (where government conceded that the most recent alleged overt act occurred more than five years before superseding indictment was filed, court applied principle that "[a] superseding indictment relates back for the purpose of tolling the statute of limitations when it does not broaden or substantially amend the charges in the original indictment.").

By contrast, where the superseding indictment was filed within five years of the conclusion of the conspiracy alleged in that indictment, courts find that the superseding indictment is timely, *without* having to analyze whether it expanded the original charge. *See U.S. v. Lopez-Giraldo*, No. 17-cr-395-MLB, 2021 WL 351985, at *3 (N.D. Ga. Feb. 2, 2021) (*Ratcliff* inapplicable where superseding indictment filed within limitations period); *Maye v. U.S.*, No. 8:07-CV-1258, 2008 WL 423504, at *5-6 (M.D. Fla. Feb. 13, 2008) ("*Ratcliff* does not apply because the Government brought both indictments within the statute of limitations.").

Another district court recently explained its reasoning this way:

> [Defendants] say *Ratcliff* precludes the United States from evading the statute of limitations through a superseding indictment that broadens or substantially amends the original

charges…*[I]mportantly, the United States [in Ratcliff] filed
the superseding indictment more than five years after it agreed
the conspiracy ended. That was outside the statute of
limitations.* The only way the United States could charge the
old conduct was by expanding its existing charge. So, the Court
of Appeals applied the well-established rule that "a
superseding indictment brought after the statute of limitations
has expired is valid so long as the original indictment is still
pending and was timely and the superseding indictment does
not broaden or substantially amend the original charges."
[citing *Ratcliff*]. *That is not the case here. The United States
filed a superseding indictment in November 2018 that alleged
a conspiracy beginning in 2010 and continued until 2014 – that
is, ending within the statute of limitations.* The United States
did not do what it tried to do in *Ratcliff* – expand timely filed
charges to go back in time and encompass conduct well outside
the statute of limitations.

The Magistrate Judge properly concluded the United States is
entitled to the benefit of its [superseding] indictment and the
rule applied in *Ratcliff* is inapplicable here.

*Lopez-Giraldo*, 2021 WL 351985 at *3 (emphasis added).

In sum, multiple courts have read *Ratcliff* as I do here. The *Ratcliff* Court's tolling analysis has no application to this case. The superseding indictment in *Ratcliff* was filed outside the statute of limitations because, without dispute, the conspiracy ended more than five years before the superseding indictment was filed. It was only because the superseding indictment was filed outside the limitations period, that the *Ratcliff* Court proceeded to the second step of its analysis and compared both indictments to determine if the timely-filed initial indictment could toll the statute of limitations for the late-filed superseding indictment. We do not reach step two of the *Ratcliff* analysis because the Second Superseding Indictment here, on its face, was filed within the limitations period. For these reasons, the Motions to Dismiss must be denied.

Last, I note that this Court's denial of Defendants' Motions may not be the last consideration of the statute of limitations. As I noted earlier, this Circuit recognizes that for a non-overt act conspiracy, "the indictment satisfies the requirements of the statute of limitations if the government *alleges and proves, at trial or pretrial*, that the conspiracy continued into the limitations period." *Butler*, 792 F.2d at 1532 (emphasis added). This means that there may be two points in a prosecution when a defendant may challenge compliance with the statute of limitations: pretrial – based on the allegations in an indictment – and at trial – based on the government's evidence.

A sister court in this Circuit, that also had before it a non-overt act conspiracy charge, addressed this.

> An indictment is sufficient if it tracks the wording of the statute, so long as the wording sets forth the essential elements of the crime. [] It follows that criminal defendants may only challenge the timeliness of an indictment before trial by relying on the face of the indictment. The law simply does not allow a court to parse the indictment pre-trial and determine whether the United States can show a conspiracy that continued into the limitations period. There are moments in a criminal prosecution when a district court can make that determination. Federal Rule of Criminal Procedure 29, for example, allows a court to make such an assessment at the close of the United States's case.

*Lopez-Giraldo*, 2021 WL 351985 at *2. If the record at trial supports any particular Defendant's claim that his criminal conduct ended more than five years before the Second Superseding Indictment was filed, that Defendant may raise the timeliness of the charges with the Court.

## III.    Recommendation

For the reasons stated above, I respectfully recommend that the Court **DENY** Defendant Castro's Motion to Dismiss Due to Statute of Limitations (ECF No. 41), and Defendant Gomez's Motion to Dismiss Second Superseding Indictment Based on Violation of Statute of Limitations. (ECF No. 56).

## IV.    Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED at Miami, Florida this 22nd day of November 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE


Cc:    The Honorable K. Michael Moore
        All counsel of record