UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-cr-20887-KMM

UNITED STATES OF AMERICA

v.

SANTIAGO ALIRIO GOMEZ RIVERA, et al.

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon two Motions to Dismiss the Indictment. ("Motions") (ECF Nos. 41, 56). Defendant Rafael Segundo Castro Diaz filed a Motion to Dismiss (ECF No. 41), which Defendants Carlos Enrique Cuadros Sayas and Juan Diego Restrepo Cadavid have joined. ("Diaz Mot.") (ECF Nos. 42, 45, 71). Then, Defendant Santiago Alirio Gomez Rivera filed a Motion to Dismiss. ("Rivera Mot.") (ECF No. 56). The matter was referred to the Honorable Chris McAlily, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions. Magistrate Judge McAlily issued a Report and Recommendation ("R&R") (ECF No. 78), recommending that the Motion be DENIED. *Id.* at 10. Defendants timely filed Objections to the R&R (ECF Nos. 78, 82). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

### I.     FACTUAL BACKGROUND[1]

The Indictment that is the focus of the Motions is, in fact, the third in a series of indictments filed in this action. The first indictment was filed on December 14, 2017. (ECF No. 3). It charged only one Defendant—Gomez—with one count of conspiring to distribute at least five kilograms of cocaine, knowing and intending that the cocaine would be imported into the United States, in violation of 21 U.S.C. §963 and 960(b)(1)(B). *Id*. That Indictment alleged that Gomez participated in the conspiracy from March 1, 2013, through May 20, 2013. *Id*.

A Superseding Indictment was filed on April 17, 2017. ECF No. 7. The Superseding Indictment added four defendants—Cuadros, Robon, Avia, and Castro. *Id*. The date range of this alleged conspiracy was the same as the originally alleged conspiracy, March 2013 through May 2013. *Id*. Then, on July 19, 2018, the Government filed the Second Superseding Indictment ("SSI"), which added one more Defendant, Restrepo. ECF No. 11. The SSI alleged a conspiracy which began earlier and terminated later, *to wit*, January 2008 through September 2013.

### II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

---

[1] The uncontested facts contained herein are variously taken from the Indictment filed in this matter ("Ind.") (ECF No. 1).

2

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.  DISCUSSION

Defendants move to dismiss the Indictment because the SSI was filed beyond the five-year statute of limitations.[2] *See generally* Mots. Defendants rely on *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001), and argue that the holding of *Ratcliff* includes the proposition the where an indictment timely charges a conspiracy, and a superseding indictment later charges the same conspiracy but substantially extends the timeframe of that conspiracy, the government must file the superseding indictment no more than five years after the end date of the conspiracy charged in the first indictment—even if the second indictment is filed within five years of the end of the

---

[2] Defendants object to Magistrate Judge McAlily's finding that the charge against Defendants is a "non-overt act conspiracy" which includes a five-year statute of limitations. Objs. ¶¶ 9–13. Defendants "concede[] that drug conspiracies do not have 'overt act pleading requirement[s]' in this Circuit. However, [they] make[] the good-faith argument, and wish[] to preserve this issue, that they should." The Court disagrees and dismisses the objection.

conspiracy charged in that indictment.[3] *Id*. In context, Defendants seem to argue that because the Government filed the first Indictment on December 14, 2017, which alleged a conspiracy from March 1, 2013, through May 20, 2013, the government is generally prohibited from filing a superseding indictment after May 20, 2018, even if the superseding indictment amends and extends the alleged dates of the conspiracy.

In the R&R, Magistrate Judge McAlily recommends that the Court deny Defendants' Motion to Dismiss because, in pertinent part, the SSI was not untimely. *See generally* R&R. After a *de novo* review of the record, this Court agrees.

In reaching her conclusion, Magistrate Judge McAlily distinguishes *Ratcliff* from the instant case, and finds that under *Ratcliff*, the SSI was not untimely. *See generally* R&R. In *Ratcliff*, the Government filed a timely indictment charging Ratcliff with attempting to import marijuana to the United States on April 7, 1993. *Ratcliff*, 245 F.3d at 1246. The government then filed a superseding indictment on August 19, 1998. The Court of Appeals found that, based on evidence adduced at trial, "Ratcliff's proven criminal activities ended, at the latest, by April of 1993." *Id*. at 1252 (emphasis added). Because the superseding indictment was filed more than five years after the defendant's criminal activities ended, the superseding indictment was untimely.

The Court then goes on to analyze whether the first timely-filed indictment tolled the statute of limitations for the untimely filed superseding indictment. *Id*. at 1253. The Court wrote

> We recognized in *United States v. Italiano*, that "[i]n certain circumstances, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding or new indictment after the limitations period has expired. [citing *Italiano*]. We held that: A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charge. [citing *Italiano*].

---

[3] As the R&R notes, Defendants do not state their argument so clearly in their Motions, but at oral argument they made clear that they believe Ratcliff stands for this proposition.

*Id*. As the R&R notes, *Ratcliff* sets out a two-step test to determine whether the statute of limitations is tolled for purposes of filing a superseding indictment: (1) is the superseding indictment brought after the statue of limitations expired; and, *if so*, (2) is the original indictment still pending, timely, and does the superseding indictment broaden or substantially amend the original indictment. *Id*.

Judge McAlily finds that under *Ratcliff's* first step the SSI was timely and therefore does not reach the second step. R&R at 10–13. Here, the SSI alleged the conspiracy ended "in or around September 2013." ECF No. 11. The day following the final date of the alleged conspiracy "is the beginning date for calculation, and the date of the filing of the indictment or information is included." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986). The five-year statute of limitations therefore ran until October 1, 2018. Because the SSI was filed on July 19, 2018 (ECF No. 11), it was timely.

Defendants object. They state "[t]he SSI's filing date of July 19, 2018, with a conspiracy limitations period not expiring until September 30, 2018, is irrelevant." Mot. at 5. They further state that under *Ratcliff*, the SSI must be dismissed because it alleged a conspiracy that "materially broadened and substantially amended" the Superseding Indictment. *Id*. (citing *Ratcliff*, 245 F.3d at 1256). The Court disagrees. Defendants cite to no authority as to why the SSI was not timely. They object instead to Magistrate Judge McAlily's failure to consider whether the SSI comports with *Ratcliff's* second step. As Judge McAlily correctly finds in the R&R, such an inquiry is not necessary because the SSI was timely filed and therefore no tolling analysis is necessary. The Court agrees and adopts the R&R to the extent that it finds the SSI was not untimely.

In Diaz's Motion to Dismiss, he argues that the SSI was not timely filed for another reason. *See* Diaz Mot. at 3–4. He asserts that his involvement in the conspiracy concluded on April 18, 2013, a fact which the R&R and the Court does not agree with as the Superseding Indictment charges Diaz as being involved in the conspiracy through September 2013. Nonetheless, assuming arguendo that Diaz's claim is correct, conspiracy has a five-year statute of limitations. Diaz argues that the SSI was untimely because although the Government filed the SSI by paper on April 17, 2018, within the statue of limitations, the SSI was not electronically docketed until July 19, 2018, which is outside the statute of limitations. *Id*. at 4. The Clerk of this Court made clear, "both with his stamp and the "date filed" on the electronic docket, that the Superseding Indictment was filed on April 17, 2018," and finds that Diaz's argument has no merit.[4] R&R at 7. The Court agrees.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 78) is ADOPTED, and Defendants' Motions to Dismiss the Indictment (ECF No. 41, 56) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *15th* day of December, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[4] Diaz does not object to this finding.